# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 22-86 (PJS/BRT)

                Plaintiff,

v.                                                                            **ORDER**

(1) Manuel Denis Martinez,
(2) Gabriel Eduardo Lemoine,

                Defendant.

---

Thomas M. Hollenhorst, Esq., United States Attorney's Office, counsel for Plaintiff.

Jennifer Rose Congdon, Esq., Congdon Law, PLLC, counsel for Defendant Martinez.

Catherine L. Turner, Esq., Attorney at Law, counsel for Defendant Lemoine.

---

This action is before the Court on various pretrial motions filed by the Government and Defendants Martinez and Lemoine. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

1. **Government's Motion for Discovery.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendants pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (no later than the date of the motions hearing) pursuant to Fed. R. Crim. P. 12.2, if

Defendants intend to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendants bearing on the issue of guilt. The Government also seeks notice (no later than the date of the motions hearing) pursuant to Fed. R. Crim. P. 12.3, if Defendants intend to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendants filed no objection to the motion. Therefore, Defendants are hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery **(Doc. No. 7)** is **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

2. **Defendant Lemoine's Motion for Disclosure of Confidential Reliable Informants and/or Concerned Citizens.** Defendant Lemoine moves to compel the Government to disclose the identity of any informants involved in this case, and to make reasonable efforts to produce the informant so that Defendant Lemoine can secure an interview of each informant. The Government represents that it will disclose the identity of any informant used in connection with this investigation and it will cooperate with the defense in making them available for interview, and requests that such disclosure be postponed until three weeks prior to trial. Defendant Lemoine's Motion for Disclosure of Confidential Reliable Informants and/or Concerned Citizens **(Doc. No. 40)** is **GRANTED IN PART** and **DENIED IN PART**. The Government shall continue to

evaluate its informants and make any informant disclosures to the extent such disclosures are required pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957), and subsequent pertinent case law, and shall continue to provide information as required by *Brady*, *Giglio*,[1] and their progeny. To the extent that the Government intends to call an informant as a witness at trial, the Government must disclose the identity of that informant to the defense at least **21 days** prior to trial.

3. **Defendant Lemoine's Motion for Government Agents to Retain Rough Notes.** Defendant Lemoine moves for an order requiring law enforcement agents to retain and preserve all rough notes taken as part of their investigation into this case. The Government does not oppose the motion. Defendant Lemoine's Motion for Government Agents to Retain Rough Notes **(Doc. No. 41)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

4. **Defendant Lemoine's Motion for Grand Jury Transcripts.** Defendant Lemoine moves for pretrial disclosure of grand jury testimony of any witness who will testify at the motions hearing or trial. The Government states that it will provide grand jury transcripts for the one government agent that testified before the Grand Jury, if that agent testifies at trial. Defendant Lemoine's Motion for Grand Jury Transcripts **(Doc. No. 42)** is **GRANTED IN PART** and **DENIED IN PART**. To the extent the Jencks Act precludes disclosure, the motion is denied. However, nothing precludes the Government

---

[1]     *Giglio v. United States*, 405 U.S. 150 (1972).

from voluntarily producing the grand jury transcripts prior to a witness's testimony, as it commonly represents it will do.

5.     **Defendant Lemoine's Motion for Discovery of Expert Under Rule 16.**

Defendant Lemoine seeks an order requiring the Government to disclose a written summary of any expert testimony the Government intends to use at trial, as well as other information pursuant to Fed. R. Crim. P. 16(a)(1)(G). The Government agrees to comply with Rule 16 and requests providing Rule 16 information three weeks before trial. Defendant Lemoine's Motion for Discovery of Expert Under Rule 16 **(Doc. No. 43)** is **GRANTED** to the extent that it conforms to the scope of Rule 16. As stated above, the parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

6.     **Defendant Lemoine's Motion to Suppress Evidence Obtained as a Result of an Ionscan.** Defendant Lemoine has filed a motion to suppress any evidence obtained as a result of two Ionscans conducted by law enforcement on an apartment doorknob, and padlocks/door handles of two self-storage units. The Government opposes the motion. At the hearing, the Court received exhibits and testimony on the issue. The parties request post-hearing briefing. Defendant Lemoine shall file his post-hearing brief no later than **September 30, 2022**, and the Government shall file its response by **October 14, 2022**. The Court will take Defendant Lemoine's Motion to Suppress Evidence as a Result of an Ionscan **(Doc. No. 44)** under advisement on **October 14, 2022**, and issue a **Report and Recommendation** to the District Court.

4

7.     **Defendant Lemoine's Motion to Suppress Evidence Obtained as a Result of a Tracking Device.** Defendant Lemoine has filed a motion to suppress any evidence obtained resulting from a GPS tracking device placed on a 2007 Tan Chevrolet Tahoe. The Government opposes the motion. At the hearing, the Court received exhibits and testimony on the issue. The parties request post-hearing briefing. Defendant Lemoine shall file his post-hearing brief no later than **September 30, 2022**, and the Government shall file its response by **October 14, 2022**. The Court will take Defendant Lemoine's Motion to Suppress Evidence Obtained as a Result of a Tracking Device **(Doc. No. 45)** under advisement on **October 14, 2022**, and issue a **Report and Recommendation** to the District Court.

8.     **Defendant Lemoine's Motion for *Franks* Hearing.** Defendant Lemoine argues the March 3, 2022 search warrant application for data from a GPS tracker installed on a a 2007 Tan Chevrolet Tahoe contains substantial false statements and seeks an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). The Government opposes the motion. The Court received the search warrant at issue in the record at the hearing. The parties submitted briefs prior to the hearing on the issue. To the extent either party wishes to include any further argument post-hearing on the issue of a *Franks* hearing, they can include any additional argument in their post-hearing brief addressing suppression (referenced above in paragraph 7). As stated above, Defendant Lemoine shall file his brief no later than **September 30, 2021**, and the Government shall file its response by **October 14, 2021.** Upon receipt of the briefing, the Court will

determine whether the request for a *Franks* hearing **(Doc. No. 46)** will be granted or denied.

9.      **Defendant Lemoine's Motion to Suppress Evidence Obtained as a Result of Searches Pursuant to Warrant.** Defendant Lemoine has filed a motion to suppress any evidence obtained as a result of searches conducted at four different properties. The Government opposes the motion. At the hearing, the Court received exhibits and testimony on the issue. The parties request post-hearing briefing. Defendant Lemoine shall file his post-hearing brief no later than **September 30, 2022**, and the Government shall file its response by **October 14, 2022**. The Court will take Defendant Lemoine's Motion to Suppress Evidence Obtained as a Result of Searches Pursuant to Warrant **(Doc. No. 47)** under advisement on **October 14, 2022**, and issue a **Report and Recommendation** to the District Court.

10.     **Defendant Martinez's Motion for Disclosure of Rule 16(a)(1)(G) Materials.** Defendant Martinez seeks an order requiring the Government to disclose a written summary of any expert testimony the Government intends to use at trial, as well as other information pursuant to Fed. R. Crim. P. 16(a)(1)(G), and requests disclosure no later than 60 days prior to trial. The Government agrees to comply with Rule 16 and requests providing Rule 16 information three weeks before trial. Defendant Martinez's Motion for Disclosure of Rule 16(a)(1)(G) **(Doc. No. 48)** is **GRANTED IN PART and DENIED IN PART** to the extent that it conforms to the scope of Rule 16. As stated above, the parties must disclose the identity of any non-rebuttal experts and all non-

rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

11.     **Defendant Martinez's Motion for 404(b) Evidence.** Defendant Martinez moves for the notification of any evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404, and to identify the witness through who such evidence will be presented at trial. The Government represents that it will comply with the Rule 404 notice requirement and is agreeable to disclosure three weeks prior to trial. Defendant Martinez's Motion for 404(b) Evidence **(Doc. No. 49)** is **GRANTED** to the extent that the Government must disclose Rule 404 evidence no later than **21 days** prior to trial.

12.     **Defendant Martinez's Motion for Disclosure of Confidential Reliable Informants and/or Concerned Citizens.** Defendant Martinez moves to compel the Government to disclose the identity of any informants involved in this case, and to make reasonable efforts to produce the informant so that Defendant Martinez can secure an interview of each informant. The Government represents that it will disclose the identity of any informant used in connection with this investigation and it will cooperate with the defense in making them available for interview, and requests that such disclosure be postponed until three weeks prior to trial. Defendant Martinez's Motion for Disclosure of Confidential Reliable Informants and/or Concerned Citizens **(Doc. No. 50)** is **GRANTED IN PART** and **DENIED IN PART**. The Government shall continue to evaluate its informants and make any informant disclosures to the extent such disclosures are required pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957), and subsequent pertinent case law, and shall continue to provide information as required by *Brady*,

*Giglio*, and their progeny. To the extent that the Government intends to call an informant as a witness at trial, the Government must disclose the identity of that informant to the defense at least **21 days** prior to trial.

13.     **Defendant Martinez's Motion for Early Disclosure of Jencks Act Material.** Defendant Martinez moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, requesting disclosure of Jencks Act material no later than two weeks prior to the commencement of trial. The Government opposes the motion, but volunteers to provide the defense with Jencks Act materials no later than three days prior to trial. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant Martinez's Motion for Early Disclosure of Jencks Act Material **(Doc. No. 51)** is **DENIED**. Nothing in this Order, however, precludes the Government from voluntary disclosure of Jencks Act material no later than three days prior to trial as the Government volunteered to do.

14.     **Defendant Martinez's Motion for Expert Disclosures.** Defendant Martinez seeks an order requiring the Government to disclose a written summary of any expert testimony the Government intends to use at trial, as well as other information pursuant to Fed. R. Crim. P. 16(a)(1)(G), and requests disclosure no later than 30 days from the motions hearing. The Government agrees to comply with Rule 16 and requests providing Rule 16 information three weeks before trial. Defendant Martinez's Motion for

Expert Disclosures **(Doc. No. 52)** is **GRANTED IN PART and DENIED IN PART** to the extent that it conforms to the scope of Rule 16. As stated above, the parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

15.     **Defendant Martinez's Motion for Hearing Pursuant to *Franks v. Delaware*.** Defendant Martinez argues the March 3, 2022 search warrant application for data from a GPS tracker installed on a 2007 Tan Chevrolet Tahoe contains substantial false statements and seeks an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). The Government opposes the motion. The Court received the search warrant at issue in the record at the hearing. The parties submitted briefs prior to the hearing on the issue. To the extent either party wishes to include any further argument post-hearing on the issue of a *Franks* hearing, they can include any additional argument in their post-hearing brief addressing suppression (referenced below in paragraph 23). As stated above, Defendant Martinez shall file his brief no later than **September 30, 2022**, and the Government shall file its response by **October 14, 2022.** Upon receipt of the briefing, the Court will determine whether the request for a *Franks* hearing **(Doc. No. 53)** will be granted or denied.

16.     **Defendant Martinez's Motion for Disclosure of Grand Jury Transcripts.** Defendant Martinez moves for pretrial disclosure of grand jury testimony of any witness who will testify at the motions hearing. The Government states that it will provide grand jury transcripts for the one government agent that testified before the

Grand Jury, if that agent testifies at trial. Defendant Martinez's Motion for Disclosure of Grand Jury Transcripts **(Doc. No. 54)** is **GRANTED IN PART** and **DENIED IN PART**. To the extent the Jencks Act precludes disclosure, the motion is denied. However, nothing precludes the Government from voluntarily producing the grand jury transcripts prior to a witness's testimony, as it commonly represents it will do.

17.    **Defendant Martinez's Motion for Impeaching Information and Exculpatory Evidence.** Defendant Martinez moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, for an order compelling the Government to disclose all evidence favorable to him including the various things Defendant Martinez has listed in his motion. The Government represents that it will fully comply with its *Brady* and *Giglio* obligations. Defendant Martinez's Motion for Impeaching Information and Exculpatory Evidence **(Doc. No. 55)** is **GRANTED**. This Court agrees with those courts who have found that "under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the government has additional obligations deriving from the Fifth Amendment to disclose exculpatory material, and the limitations on discovery contained in the Jencks Act do not lessen those obligations." *United States v. Tarantino*, 846 F.2d 1384, 1414 n. 11 (D.C. Cir. 1988); *see also United States v. Poindexter*, 727 F. Supp. 1470, 1485 (D.D.C. 1989) ("The *Brady* obligations are not modified merely because they happen to arise in the context of witness statements."). This Court also agrees with those courts, including one from this District, who have determined that because of the *Brady* obligations, the Government must produce exculpatory evidence, no matter what form it comes in, immediately. *See Poindexter*, 727 F. Supp. at 1485 ("The government therefore

has the obligation to produce to defendant immediately any exculpatory evidence contained in its Jencks materials, including exculpatory impeachment material, to the extent that the government is aware of such material, and it is so ordered."); *United States v. Martin*, No. 18-CR-268 (PJS/TNL), 2019 WL 2171815, at *2 (D. Minn. May 20, 2019) ("This ruling, however, does not permit the Government to withhold disclosure of materials encompassed by the Jencks Act which need be disclosed pursuant to other authorities, including *Brady, Giglio*, and their progeny."). This Court therefore finds that fairness and justice requires that Jencks Act statements that also constitute *Brady* material should be disclosed now. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio*[2] information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed. Identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

**18.     Defendant Martinez's Motion to Suppress Evidence Obtained as a Result of an Ionscan.** Defendant Martinez has filed a motion to suppress any evidence obtained as a result of Ionscans conducted by law enforcement on an apartment doorknob. The Government opposes the motion. At the hearing, the Court received exhibits and testimony on the issue. The parties request post-hearing briefing. Defendant Martinez shall file his post-hearing brief no later than **September 30, 2022**, and the

---

[2]      *Giglio v. United States*, 405 U.S. 150 (1972).

Government shall file its response by **October 14, 2022**. The Court will take Defendant Martinez's Motion to Suppress Evidence as a Result of an Ionscan **(Doc. No. 56)** under advisement on **October 14, 2022**, and issue a **Report and Recommendation** to the District Court.

19.     **Defendant Martinez's Motion for Notice of Government's Intent to Use Residual Hearsay Exception Under Rule 807.** Defendant Martinez moves, pursuant to Fed. R. Evid. 807, for an order requiring the Government to provide notice of its intent to use residual hearsay at least 60 days before trial. The Government states that it will fully comply with its obligations under Rule 807, and represents that it will provide any anticipated Rule 807 evidence within three weeks of trial. Defendant Martinez's Motion for Notice of Government's Intent to Use Residual Hearsay Exception Under Rule 807 **(Doc. No. 57)** is **GRANTED IN PART** and **DENIED IN PART**. The Government must provide notice of intent to use residual hearsay at least **21 days** before trial.

20.     **Defendant Martinez's Motion to Disclose Post-Conspiracy Statements of Co-Defendant or Co-Conspirators.** Defendant Martinez moves the Court for an order pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Bruton v. United States*, 391 U.S. 123 (1968), compelling the Government to give notice and disclosure of its intent to use evidence at trial of statements or confessions of any co-Defendant or unindicted co-conspirator, and granting Defendant Martinez leave to file motions for suppression and/or motions *in limine*. The Government states that it has complied with all of its discovery obligations under the Rules, but objects to the disclosure of statements of unindicted co-conspirators. The Government states that if it

calls any of these people as witnesses at trial, it will provide to the defense all *Giglio* and Jencks Act materials relating to them no later than three business days prior to trial. Defendant Martinez's Motion to Disclose of Post-Conspiracy Statements of Co-Defendant or Co-Conspirators **(Doc. No. 58)** is **GRANTED IN PART** and **DENIED IN PART**. To the extent that the motion seeks evidence favorable to Defendant Martinez, the statements will be produced pursuant to the Court's Order on various motions seeking exculpatory evidence, impeaching evidence, and evidence otherwise favorable to Defendant Martinez. The motion is further **GRANTED** to the extent that it conforms to the scope of Rule 16, and the Government shall comply with any obligations that may arise under *Bruton v. United States*, 391 U.S. 123 (1968). The motion is otherwise **DENIED WITHOUT PREJUDICE**. Any motions *in limine* shall be filed in accordance with the District Court's pretrial order. And the Government may make Jencks Act material available to Defendant three days prior to trial as it has represented it will do.

21.     **Defendant Martinez's Motion to Retain Rough Notes and Evidence.**

Defendant Martinez moves for an order requiring law enforcement agents to retain and preserve all rough notes and evidence taken as part of their investigation into this case. The Government does not oppose the motion. Defendant Martinez's Motion to Retain Rough Notes and Evidence **(Doc. No. 59)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

22.     **Defendant Martinez's Motion to Suppress Evidence Obtained after Execution of Search Warrants.** Defendant Martinez has filed a motion to suppress any evidence obtained as a result of searches conducted at two different properties. The

Government opposes the motion. At the hearing, the Court received exhibits and testimony on the issue. The parties request post-hearing briefing. Defendant Martinez shall file his post-hearing brief no later than **September 30, 2022**, and the Government shall file its response by **October 14, 2022**. The Court will take Defendant Martinez's Motion to Suppress Evidence Obtained after Execution of Search Warrants **(Doc. No. 60)** under advisement on **October 14, 2022**, and issue a **Report and Recommendation** to the District Court.

23.     **Defendant Martinez's Motion for Suppression of Evidence Obtained in Violation of the Fourth Amendment of the United States Constitution.** Defendant Martinez has filed a motion to suppress any evidence obtained resulting from a GPS tracking device placed on a 2007 Tan Chevrolet Tahoe. The Government opposes the motion. At the hearing, the Court received exhibits and testimony on the issue. The parties request post-hearing briefing. Defendant Martinez shall file his post-hearing brief no later than **September 30, 2022**, and the Government shall file its response by **October 14, 2022**. The Court will take Defendant Martinez's Motion for Suppression of Evidence Obtained in Violation of the Fourth Amendment of the United States Constitution **(Doc. No. 61)** under advisement on **October 14, 2022**, and issue a **Report and Recommendation** to the District Court.

24.     The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Chief Judge Patrick J. Schiltz.

Date:  September 2, 2022                            *s/ Becky R. Thorson*
                                                    BECKY R. THORSON
                                                    United States Magistrate Judge