UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| United States of America, | File No. 22-CR-86-2 (JWB/ECW) |
| Plaintiff, | GABRIEL LEMOINE'S MOTION FOR THEORY OF DEFENSE INSTRUCTION |
| v. | |
| Gabriel Lemoine, | |
| Defendant. | |

_____

COMES NOW Defendant, through counsel, and moves the Court for a theory of defense instruction to be provided to the jury at the close of the trial. Defendant will submit a proposed theory of defense instruction at the close of evidence.

It is well-established that defendants are entitled to a theory of defense instruction if a timely request is made, the evidence supports the proffered instruction, and the instruction correctly states the law. *See, e.g., United States v. McQuarry,* 726 F.2d 401, 402 (8th Cir.1984); *United States v. Lewis,* 718 F.2d 883, 885 (8th Cir.1983). Similarly, this court has held that defendants are entitled to an instruction on good faith where one has been requested and evidence exists to support the theory. *See Sherer,* 653 F.2d at 337. *Accord United States v. Hopkins,* 744 F.2d 716, 717 (10th Cir.1984) (en banc); *United States v. Fowler,* 735 F.2d 823, 828 (5th Cir.1984); *United States v. Goss,* 650 F.2d 1336, 1345 (5th Cir.1981).

Theory of defense instructions have a long history of approval in the Eighth Circuit. *See e.g. United States v. Yielding*, 657 F.3d 688, 709 (8th Cir. 2011); *United

*States v. Christy*, 647 F.3d 768, 770 (8th Cir. 2011); *United States v. Hoffmann,* 556 F.3d 871, 874 (8th Cir. 2009); *United States v. Jara*, 474 F.3d 1018, 1022 (8th Cir. 2007); *United States v. Adams*, 401 F.3d 886, 898 (8th Cir. 2005); *United States v. Mercer*, 853 F.2d 630, 633 (8th Cir. 1988). It has been held to be reversible error not to give a properly requested instruction that is supported by the evidence, contains a correct statement of law, and is not otherwise adequately covered in the instructions. *United States v. Manning*, 618 F.2d 45, 47-48 (8th Cir. 1980) (failure to instruct that mere presence or proximity to an unregistered weapon is an insufficient basis for conviction); *United States v. Prieskorn*, 658 F.2d 631, 636 (8th Cir. 1981) (failure to instruct that the relationship between buyer and seller of drugs does not alone establish a conspiracy, but *note* Judge Henley's dissent, p.637).

Defendant requests the Court give a theory of defense instruction at the close of the case. Defendant will submit his proposed theory of defense instruction at the close of evidence.

Respectfully Submitted,

**ANDREW IRLBECK LAWYER CHTD.**

Dated: May 12, 2023

/s/ Andrew M. Irlbeck
Andrew M. Irlbeck, #392626
332 Minnesota St., Ste. W1610
St. Paul, MN 55101
Phone: 612-986-3895
Fax: 651-223-5179
andrew@irlbecklaw.com
ATTORNEY FOR GABRIEL LEMOINE